Exhibit 1

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                    SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION
No. *1573CV01007*

[SEAL]

*Michael Miguel et al.*

, Plaintiff (s)

v.

*Local Media Group, Inc.*

, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — ~~MOTOR VEHICLE~~ TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: *Local Media Group, Inc.*

You are hereby summoned and required to serve upon *Jared Simpson*

plaintiff's attorney, whose address is ... *100 Concord Street, Suite 3B, Framingham, MA 01702*

an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service.  If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at *Taunton New Bedford* either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

Witness, Hon. Judith Fabricant,   Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the ... *27th* ... day of ... *October* ... , in the year
of our Lord two thousand and ... *15*

*Mark Batten*

*Mary Naols, Esq.*
*Magistrate*

**NOTICE TO DEFENDANT** — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## NOTES.

1.   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.   When more than one defendant is involved, the names of all defendants should appear in the caption.  If
     a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.   If the Commonwealth or an officer ~~A true copy Attest~~ of the defendant the time to be inserted is 60 days.

2SC 24

A true copy Attest
*7/3/15*
Deputy Sheriff Suffolk County

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner  (See Mass. R. Civ. P. 4 (d)  (1-5) :

......................................................................................................................................................

......................................................................................................................................................

......................................................................................................................................................

Dated: ..................................................., 20    .        ........................................................................

**N.B.  TO PROCESS SERVER: —**
    PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
    BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| |
|---|
| , 20    . |

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT DEPT.**
**OF THE TRIAL COURT**
**CIVIL ACTION**
No. 15CV01107

............................, Plaintiff (s)

MITCHAL

v.

LAW MDIACOAP , Defendant (s)

**SUMMONS**
**(Mass. R. CIV. P. 4)**

BRISTOL, ss.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1573CV01007 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Michael Miguel, Indv. & on behalf of other similar indv. et al vs. Local Media Group, Inc. Also Known As The Standard Times | Marc J. Santos, Clerk of Court<br>Bristol County |
|---|---|

| TO: James W. Simpson, Esq.<br>Law Offices of James W. Simpson, Jr., P.C.<br>100 Concord Street, Suite 3B<br>Framingham, MA 01702 | COURT NAME & ADDRESS<br>Bristol County Superior Court - New Bedford<br>441 County Street, 1st floor<br>New Bedford, MA 02740 |
|---|---|

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/20/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 02/19/2016 | |
| All motions under MRCP 12, 19, and 20 | 02/19/2016 | 03/21/2016 | 04/19/2016 |
| All motions under MRCP 15 | 12/15/2016 | 01/16/2017 | 01/16/2017 |
| All discovery requests **and depositions** served and non-expert depositions completed | 10/11/2017 | | |
| All motions under MRCP 56 | 11/10/2017 | 12/11/2017 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/09/2018 |
| Case shall be resolved and judgment shall issue by | | | 10/22/2018 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED<br>10/22/2015 | ASSISTANT CLERK<br>Jennifer A Sullivan | PHONE<br>(508)996-2051 |
|---|---|---|

Date/Time Printed: 10-22-2015 12:54:25

SCV026\ 11/2014

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): MICHAEL MIGVEL, John Limp

ADDRESS: _____

COUNTY: BRISTOL

_____

DEFENDANT(S): LOCAL MEDIA GROUP INC. A/K/A The Standard Times

ATTORNEY: JAMES SIMPSON

ADDRESS: 100 Concord Street Suite 36 Framingham, MA 01702

ADDRESS: _____

BBO: 634344

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

CODE NO. D13

TYPE OF ACTION (specify): Dec Action

TRACK A

HAS A JURY CLAIM BEEN MADE?
☑ YES   ☐ NO

*If "Other" please describe: _____

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $ _____
2. Total doctor expenses .................................................. $ _____
3. Total chiropractic expenses ........................................... $ _____
4. Total physical therapy expenses ...................................... $ _____
5. Total other expenses (describe below) ............................... $ _____
                                              Subtotal (A): $ _____

B. Documented lost wages and compensation to date .......................... $ _____
C. Documented property damages to dated .................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ............. $ _____
E. Reasonably anticipated lost wages ....................................... $ _____
F. Other documented items of damages (describe below) ...................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                              TOTAL (A-F): $ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Wage & hour class action

TOTAL: $ Greater than 25K

Signature of Attorney/Pro Se Plaintiff: X _____    Date: 10-12-15

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____    Date: 10-12-15

## COMMONWEALTH OF MASSACHUSETTS

**BRISTOL, ss**                                     **SUPERIOR COURT DEPT.**
                                                    **CIVIL ACTION NO.**

**MICHAEL MIGUEL,**
**JOHN LIMA, individually and of behalf**
**Of other similarly situated individuals,**
                    **Plaintiffs,**


**v.**


**LOCAL MEDIA GROUP, INC. also known as THE STANDARD TIMES,**
                    **Defendant**


### COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED, PROPOSED CLASS ACTION AND JURY DEMAND

I.      INTRODUCTION.

1.   The plaintiffs, all current newspaper delivery drivers, bring this action challenging the

     defendant, Local Media Group, Inc's  ("LMG") violation of the Massachusetts

     independent contractor statute, the Massachusetts wage laws, and Massachusetts common

     law.  The plaintiffs assert that they and others have been misclassified as independent

     contractors and thereby deprived of certain rights under state law as more fully described

     herein.  The plaintiffs bring this action as a class action pursuant to Rule 23 of the

     Massachusetts  Rules of Civil Procedure, and pursuant to M.G.L. ch. 149, §150.  The

     Plaintiffs seek certification of a class of Massachusetts-wide delivery/courier drivers

     under the Massachusetts Independent Contractor Statute (M.G.L. c. 149 Section 148B

     and related state law claims.)  As set forth below, Defendant's business is substantially

     devoted to publishing and delivery of newspapers.  The Defendant has unlawfully

1

misclassified all of its couriers/drivers as "independent contractors" when, in fact, they are employees, and has thereby deprived them of overtime, failed to pay them in a timely manner, failed to properly pay them for their tips, made unlawful deductions from their pay and has required them to incur expenses and fees that they would not have incurred as employees. In this action, the Plaintiffs seek to recover compensation for these violations, statutory trebling of wage related damages, and attorney's fees and costs as provided for by law.

II.   JURISDICTION AND VENUE.

2.   This Court has original jurisdiction over each of the parties in this action pursuant to M.G.L. c. 212 Section 4.  This court has jurisdiction over the subject matter of this action as the amount in controversy is greater than the sum of $25,000.00.

3.   Venue is appropriate pursuant to M.G.L. c. 223 Section 1.

III.   PARTIES.

4.   The plaintiff, Michael Miguel (hereinafter "Plaintiff" or "Plaintiffs") is an adult resident of New Bedford within Bristol County, Commonwealth of Massachusetts.

5.   The plaintiff, John Lima (hereinafter "Plaintiff" or "Plaintiffs") is an adult resident of Dartmouth, within Bristol County, Commonwealth of Massachusetts.

6.   This is a class action that the above-named Plaintiffs bring on their own behalf and on behalf of all others similarly situated, namely, all other individuals who have performed courier and/or delivery services for the Defendant, Local Media Group Inc., through the Standard Times., and/or their parent organization, successors and assigns within Massachusetts and have been subjected to the legal violations described in this complaint.

2

The proposed class meets all of the requirements of Rule 23 of the Massachusetts Rules of Civil Procedure.

7. The defendant, Local Media Group, Inc. is a duly incorporated company organized under the laws of the State of New York with corporate headquarters in New York.  In addition, LMG publishes and distributes newspapers through terminals within the Commonwealth of Massachusetts including the New Bedford Standard Times.  LMG does business in Massachusetts.

## CLASS ACTION ALLEGATIONS

8. The Plaintiffs and others are members of the Class they seek to represent.  The Class members can be identified using records in the Defendant's control and kept by the Defendant in the usual course of their business.  Class members will be able to receive notice related to this class action through direct mailings to addresses maintained in the usual course of the Defendant's business.

9. The Class members are so numerous that joinder of all their members would be impracticable.  On information and belief, over the relevant period, the Defendant has employed over 100 individuals to courier/delivery services.

10. Defendants engaged in a common course of conduct that violated the legal rights of the Plaintiffs and the Class members.  Individual questions, if any, pale by comparison to the numerous material questions of law or fact common to the Class that will necessarily dominate the Court's analysis of Plaintiffs' claims, including, whether the Defendant improperly classified Plaintiffs and the Class members as independent contractors in violation of Massachusetts law.

3

11. The Plaintiffs' claims are typical of the claims belonging to absent Class members. The Plaintiffs and the putative Class members are similarly-situated employees who shared the same job description, performed the same work under the same conditions, were classified as independent contractors, denied the same employment-related benefits and, as a result, suffered the same type of harm.

12. The Plaintiffs will fairly and adequately assert and protect the interests of absent Class members. There is no apparent conflict of interest between the Plaintiffs and the absent Class members. The Plaintiffs and others are familiar with the facts that form the bases of the Class members' claims.

13. The Plaintiffs has retained competent and experienced Class action counsel who intend to prosecute this action vigorously. Plaintiff's counsel have successfully prosecuted many complex Class actions, including wage and hour class actions, and will fairly and adequately protect the interests of the absent Class members; and

14. Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy. Common questions of law or fact predominate over any questions affecting only individual members, as the Plaintiffs seek to remedy a shared legal grievance (e.g., misclassification of the Class members) and shared harm (e.g., unpaid wages and employment benefits) on behalf of a Class of similarly-situated employees.

15. The class action device is superior to other available means for the fair and efficient adjudication of the Plaintiffs' claims. The relief sought by individual Class members is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the Defendant's conduct. Individual litigation of the legal and

factual issues raised by the Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a Class action would permit the efficient supervision of the Class' claims, give rise to numerous economies of scale for the Court and for the parties, and result in a binding and uniform adjudication on each issue for every party.

IV.     STATEMENT OF FACTS.

15.     The defendant LMG, is in the business of publishing, distributing and delivering newspapers, news journals, and other periodicals to customers throughout the Massachusetts. LMG publishes several newspapers in Massachusetts including The New Bedford Standard Times based out of New Bedford, Massachusetts. In connection with this business, LMG owns and/or operates at least two terminals within the Commonwealth of Massachusetts which are used to distribute its newspapers.

16.     In order to carryout its newspaper delivery business, LMG has hired well over 100 individuals within the Commonwealth of Massachusetts to deliver newspapers for it within the Standard Times delivery area.

17.     Each driver is required to sign an "operating agreement" which spells out the terms of their work. Each driver must arrive at their terminal between 2 and 4 a.m., at which time they are provided with a "manifest" which lists the exact number of newspapers and names of newspapers which they are to deliver on that day, and also specifying the customers to whom such newspaper are to be delivered. The manifests also indicates which order the newspapers are to be delivered to customers, how they are to be delivered to the customer and/or where the newspaper is to be delivered.

18.  The plaintiffs are then required, to delivery their newspapers no later than 6 a.m. EST
     Mondays through Fridays and no later than 7:00 a.m on Saturdays and Sundays.  If the
     carrier delivers the newspapers late, they can subjected to fines and have funds
     withdrawn from their pay.

19.  In the event that the driver misses any one delivery, or damages the newspaper upon
     delivery or delivers a wet paper, they can be assessed a back charge per newspaper which
     LMG takes out of their settlement checks as described below.

20.  If a carrier fails to follow delivery instructions, they also can be fined and have money
     deducted from their pay.

21.  LMG, and not the drivers, conducts all of the billing and payments by the customer
     including tips made to the carriers by customers.  The Plaintiffs and others do not collect
     any money from the customers and have no say in the amounts charged for the paper.

22.  District Managers frequently conduct "route audits" to ensure that papers are delivered on
     time and pursuant to delivery instructions.  Carriers can be subject to fines and
     termination of their contract if they do not comply with LMG's written and unwritten
     policies and procedures.

23.  If a carrier is sick or unable to complete his/her route, they are charged "down route
     charges".  These charges are dependent upon the number of papers a carrier draws for the
     day and the day of the week.  In some instances carriers can have up to $200.00-$300.00
     deducted from their pay for one day of "down route charges".  In addition, if a
     replacement carrier who is utilized during the down route misses a delivery or delivers a
     wet paper, the contract carrier is charged with fine.

24. The Plaintiffs and others are required to purchase a surety bond purportedly to indemnify LMG for losses.

25. Plaintiffs are required to purchase supplies such as elastic bands, bags and other materials which are essential to performing their duties.

26. Plaintiffs are charged for "table time" for time spent at the terminal inserting ads and magazines into papers.

27. When a customer leaves a tip for a carrier, LMG fails to remit the tip to the carrier within the appropriate pay period or in some instances, not at all.  The Plaintiffs are never given documentation of what customers tip them.

28. LMG treats the drivers as "independent contractors," and therefore takes out no taxes from their settlement checks, and provides no benefits or workers' compensation or unemployment insurance.  LMG deducts the costs of such insurance from the driver's settlement statements and deducts other sums for "bond insurance" and "liability insurance".

29. In the event that a driver becomes sick and is unable to drive his route, District Managers often perform the delivery servers.  These District Managers are employees of LMG.

30. If a customer wishes to complain about the newspaper delivery service they are receiving, the customer calls LMG, not the driver, and it is LMG that investigates and makes determinations with respect to such complaints.

31. Every driver is responsible for providing his/her own car, gas, maintenance, etc.  In addition, the drivers are required to pay for rubber bands, plastic bags, etc.  As described above, the newspaper delivery drivers receive a regular "settlement check" from LMG, in which LMG deducts mandatory insurance, costs of any supplies, and any deductions or

7

charges which LMG makes against the driver's settlement check. Specifically, most of these charges are the result of LMG charging the driver for any delivery problems which the customer complains about, regardless of fault. Thus, on many occasions, drivers will have significant sums deducted from their settlement checks each week.

32.   LMG alone sets the rate which it pays each newspaper delivery driver.

33.   On a number of occasions, after charges and deductions are made, and as a result of expenses such as gas and other vehicle expenses, the newspaper delivery drivers do not earn even the minimum wage in Massachusetts..

34.   The Plaintiff and others were entirely dependent upon the LMG for their work, as they were only allowed to perform courier/delivery services for LMG during such time as they were required to deliver newspapers for LMG.

35.   Although LMG claims that Plaintiff and others, were hired as independent contractors, the behavioral and financial control manifested over them and other drivers by the Defendant demonstrates that they were employees. Such control includes, but is not limited to the following matters:

   a.   Defendant required the Plaintiffs and others to comply with the its instructions in terms of written and unwritten policies, procedures, and directives regarding the Plaintiffs' duties. Pursuant to the contractor agreement, the Defendant instituted contractor responsibilities.

   b.   Defendant employs managers who have supervisory responsibility over the Plaintiffs and others who could assign and direct their work. Plaintiff would receive notes and directions from terminal supervisors regarding delivery instructions.

8

c.  Plaintiffs were required to perform courier/delivery services during fixed hours each day that they worked.

d.  Defendant required the Plaintiffs and others to deliver newspapers in specified order pursuant to manifests which contained other delivery instructions.

e.  Plaintiffs had no role in supervising any other driver.

36.  Plaintiffs have sought and obtained permission from the Massachusetts Attorney General's Office to maintain a private right of action.


## COUNT I

### (Independent Contractor Statute)

37.  The defendant, LMG, has misclassified the plaintiffs and others as independent contractors, in violation of M.G.L. ch. 149, §148B, in that these individuals are, in fact, employees of LMG under Section 148B.  This claim is asserted pursuant to M.G.L. c.149, §150.


## COUNT II

### (M.G.L. ch. 149, §§ 148, 150)

38.  The actions of the defendant, LMG, as set forth herein in deducting unauthorized charges and fees from its delivery drivers, constitutes a violation of the Massachusetts Wage Act, M.G.L. ch. 149, § 148, as enforced by Section 150.


## COUNT III

### (Massachusetts Minimum Wage Act)

39.    The actions of the defendant as set forth herein insofar as on some weeks plaintiffs and others, are not paid the minimum wage for Massachusetts employees, constitutes a violation of M.G.L. ch. 151, § 1.


## COUNT IV

### (Massachusetts Tip Statute)

40.    The actions of the defendant as set forth herein constitute a violation of the Massachusetts Tip Sharing Statute. (M.G.L. c. 149 Section 152A).


## COUNT V

### (Unjust Enrichment and Quantum Merit)

41.    The actions of the defendant as set forth herein constitute unjust enrichment and the plaintiff and others, are entitled to recover sums improperly withheld from them in quantum merit.

## COUNT VI.

### REQUIRING EMPLOYEES TO PAY BUSINESS-RELATED EXPENSES

42.    As set forth above, by shifting the burden of ordinary business expenses on low-wage employees, the Defendants have violated G.L. c. 151 Sections 1 and 2 by not paying employees, after expenses are deducted, the statutory minimum wage. This claim is brought pursuant to G.L. c. 151 Section 20. By requiring employees to pay business expenses out of their tips and wages, Defendants have also violated G.L. c. 149 Sections 148 and 152A. This claim is also brought pursuant to G.L. c. 149 Section 150.

10

WHEREFORE, the plaintiffs request this court to (1) grant class certification allowing this action to proceed as a class action; (2) enter appropriate declaratory and injunctive relief declaring defendant's actions unlawful and ordering appropriate injunctive and remedial relief rectifying such illegalities; (3) award the plaintiffs damages under M.G.L. ch. 149, §150 and their common law claims, including, but not limited to, treble damages under M.G.L. ch. 149, § 150, and the recent amendment thereto; and (4) award the plaintiffs their reasonable costs, expenses, and attorneys' fees for the prosecution of this action.

## JURY DEMAND

The plaintiffs hereby request a trial by jury on all of their claims.

The Plaintiffs, Michael Miguel et al.
By their attorneys,

James W. Simpson, Jr. BBO#634344
LAW OFFICES OF JAMES W. SIMPSON, JR.
P.C.
100 Concord Street, Suite 3B
Framingham, MA 01702
(508) 872-0002

Harold Lichten, Esq. BBO##549689
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02114
(617) 994-5800

Date: October 10, 2015

11